Filed 2/4/21  P. v. Labudis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN WILLIAM LABUDIS,<br><br>    Defendant and Appellant. | G058850<br><br>(Super. Ct. No. 19WF2176)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Stephane Quinn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*      \*      \*

A jury found defendant John William Labudis guilty of arson of a structure. (Pen. Code, § 451, subd. (c).)  The court suspended imposition of sentence and placed defendant on three years of formal probation on condition he serve 360 days in county jail.  Defendant received credit of 143 actual days and 143 days of conduct credit for a total of 286 days.

Defendant timely filed a notice of appeal and we appointed counsel to represent him.  Counsel did not argue against defendant but advised the court he was unable to find an issue to argue on defendant's behalf.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was given the opportunity to file written argument on his own behalf, but he has not done so.

We have examined the entire record and have not found an arguable issue on appeal.  Accordingly, we affirm the judgment.

FACTS

Following our usual standard of review on appeal, we recite the facts "in the light most favorable to the judgment . . . ."  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

In the early morning of September 4, 2019, the owner of a liquor store in Garden Grove, California, received a telephone call from a woman telling him that his "store [was] burning."  The fire was extinguished by the time the store owner arrived at the store, but he observed burn marks on the storefront window.  The store owner immediately called the police.  Garden Grove Police Officer Acosta responded to the call at about 6:30 a.m. and inspected the damage.  Acosta inquired whether the store owner had a video surveillance system, and the store owner responded that he did.  In fact, the store had a 16-camera surveillance system.

2

Using a cell phone connected to the surveillance system, the store owner played a video clip for Officer Acosta showing a person walking up to the store, lighting a small fire, and walking away. Acosta was not immediately able to identify the person shown on the video. The video clip was later uploaded to a system that allowed Acosta to view the video on a computer in his patrol car.

About two hours after responding to the store owner's call, Acosta was called to help his partner who had contacted a subject on an unrelated incident. At trial, Acosta identified defendant, seated in the courtroom, as the person he saw being arrested by Acosta's partner in that unrelated incident.

Following Acosta's assistance in arresting defendant on the unrelated incident, Acosta returned to his patrol car to review the video clip the store owner had uploaded to Acosta's patrol car computer. After reviewing the video, Acosta "realized that the subject in the video was the same subject that [his] partner had arrested on [the] unrelated incident." The subject of the arrest and the individual in the video had the same clothing and the same distinctive manner of walking.

When the store owner was shown a photograph of the individual identified by Acosta, he recognized him as a homeless person who had come into the liquor store on many occasions. He was known as "Johnny No Cash," and he frequently bothered the customers and threatened the store owner. Defendant had told the store owner many times, "I am going to burn your car. I am going to burn your business." The store owner was able to identify defendant as the person he knew as "Johnny No Cash." The store owner testified that he was 100 percent sure the person in the video clip of the fire being started was defendant, the person he knew as "Johnny No Cash." The store owner cited defendant's distinctive manner of walking as the principal factor supporting his identification of defendant.

3

DISCUSSION

To assist the court in conducting its independent review of the record, appointed counsel identified six potential issues for consideration, (*Anders v. California* (1967) 386 U.S. 738, 745), none of which merit extended discussion: (1) Was the conviction supported by substantial evidence? (2) Did the court err in admitting evidence of the prior relationship between the store owner and defendant? (3) Was trial counsel ineffective for not requesting a limiting instruction under Evidence Code section 1101? (4) Did the court err by allowing lay opinion testimony identifying defendant in the surveillance video? (5) Did the court err by instructing the jury with CALCRIM No. 315 on eyewitness identification? and (6) Did the court err by imposing alcohol terms of probation? We address each potential issue in turn.

First, the record discloses "evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson*, *supra*, 26 Cal.3d at p. 578.) Two witnesses who had previously known or interacted with defendant, one of whom had seen defendant on many occasions, positively identified him as the person shown on the video to be lighting the fire.

Second, the prior relationship between the store owner and defendant was relevant to defendant's motive and thus admissible under Evidence Code section 1101, subdivision (b). The store owner described how defendant would enter the store, harass his customers, and, when he asked defendant to leave, defendant would threaten him by saying he would burn his car or his store.

Third, defendant could not have been prejudiced by trial counsel's failure to ask for a limiting instruction under Evidence Code section 1101, subdivision (b). Such an instruction would merely have told the jury that evidence of the prior relationship

4

between defendant and the store owner was relevant only for the purpose of considering motive, a fact that was manifestly obvious even without a limiting instruction.

Fourth, the lay opinion testimony identifying defendant as the person in the surveillance video was supported by adequate foundation of the witnesses' knowledge of defendant's manner of walking and by the clothing he was wearing. (Evid. Code, § 800; *People v. Son* (2020) 56 Cal.App.5th 689, 697 [narrative description of events on video admissible as lay opinion].)

Fifth, the trial court did not prejudicially err by instructing with CALCRIM No. 315 on eyewitness identification. Counsel suggests we consider whether the instruction erroneously allows the jury to consider "[h]ow certain was the witness when he or she made an identification." (*Ibid.*) This issue is currently under review by the California Supreme Court. (See *People v. Lemcke* (Jun. 21, 2018, G054241) [nonpub. opn.], rev. granted Oct. 10, 2018, S250108.) Until the high court decides this issue, however, *Auto Equity Sales Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, requires that we adhere to the decision in *People v. Sanchez* (2016) 63 Cal.4th 411, 461-462, which held that jury instructions allowing the jury to consider a witness's certainty are proper.

Sixth, and finally, the court did not abuse its discretion by imposing alcohol terms of probation. Defendant was ordered not to possess any alcoholic beverage or be present in any establishment where alcohol is the primary item for sale. The court stated when imposing this condition that "based on what I heard, there was a strong possibility that alcohol could have been a factor in this." Here, there was evidence that defendant frequently entered the liquor store and harassed customers. The probation and sentencing report stated that defendant reported sobriety since 2002, but that he had been involved in criminal conduct involving drugs and alcohol since that time. We give "proper deference to a trial court's broad discretion in imposing terms of probation, particularly where those terms are intended to aid the probation officer in ensuring the probationer is complying

5

with the fundamental probation condition, to obey all laws." (*People v. Balestra* (1999) 76 Cal.App.4th 57, 69.) We perceive no abuse of discretion.

Our independent review of the entire record has not disclosed any arguable issue on appeal. Appointed counsel correctly concluded there was no arguable issue on appeal.

DISPOSITION

The judgment is affirmed.

IKOLA, ACTING P. J.

WE CONCUR:

THOMPSON, J.

GOETHALS, J.

6